The Court (Dickenson, J.) allowed the plaintiff to file an amendment, after a demurrer was sustained to an allegation of a breach of a statute (Gen. Stat. 1930 § 6282) to the effect that "the defendant was negligent in providing the plaintiff with roller skates and allowing her to skate on its rink."
So that any injury claimed to have been sustained must have been the proximate result of providing the plaintiff with roller skates and allowing her to skate. The Court (Simpson, J.) in sustaining the aforesaid demurrer said: "There is no prohibition against allowing such a child to skate on roller skates, which in itself is ordinarily a harmless amusementfor children of tender years." I agree that it is the experience of most parents to the extent of being common knowledge, that children much more youthful than plaintiff engage in the sport of roller skating, as they do in ice skating. If many of these sports were not begun early in life, they would rarely be done with skill and accomplishment. In the development of the human race sports involving danger and severe bodily contact must be experienced.
As was said on the demurrer, the statute had nothing to do with the physical risk involved. It is plain that the Legislature would not have grouped such a place with dance houses and concert saloons, which could be plainly harmful *Page 398 
to a child's morals. Yet the plaintiff has persisted in including reference to the statute, as if that added something to the liability.
So that first, this claim was predicated on a violation of the statute. When that failed, it was based on a reference to the statute in connection with the allegation which Judge Dickenson authorized, and finally on the day of trial a further amendment was filed describing the floor as highly waxed and polished, but not altering the allegations of negligence.
The indefiniteness of the young ladies in their demeanor on the stand as to this question convinces me of the truth of the claim that the floor was never waxed. The girl fell as she released her hold of another girl friend's hand. It was a pure accident, such as was likely to happen to any person who roller skates and these things are always unfortunate, but it does not mean that some one should pay for the effects.
If a parent desires to protect a child, it can best be done by such supervision as will avoid permission to a child, particularly a girl of this plaintiff's age, to go out in the night season.
 Judgment for the defendant.